UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:24-cv-1097-PGB-RMN

JONATHAN DRUMMOND,

    Plaintiff,

v.

HAVERTY FURNITURE
COMPANIES, INC.,

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF FILING ANSWERS TO COURT'S INTERROGATORIES

Plaintiff JONATHAN DRUMMOND ("Plaintiff"), by and through undersigned counsel and in compliance with this Court's ADA Scheduling Order dated June 17, 2024 [ECF No. 4], hereby gives notice of filing Plaintiff's Answers to Court Interrogatories attached as Exhibit "A."

**ALEKSANDRA KRAVETS, ESQ. P.A.**
*Counsel for Plaintiff*
1100 Buchanan Street
Hollywood, FL 33019
Tel.: 347.268.9533
Email: ak@akesqpa.com

By: */s/ Aleksandra Kravets*
Aleksandra Kravets
Florida Bar No.: 120562

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via us mail:

HAVERTY FURNITURE COMPANIES, INC
c/o COGENCY GLOBAL INC.
115 North Calhoun St.
Suite 4
Tallahassee, FL 32301

                              By: */s/ Aleksandra Kravets*
                                  Aleksandra Kravets
                                  Florida Bar No.: 120562

                              **ALEKSANDRA KRAVETS, ESQ. P.A.**
                              *Counsel for Plaintiff*
                              1100 Buchanan Street
                              Hollywood, FL 33019
                              Tel.: 347.268.9533
                              Email: ak@akesqpa.com

Exhibit "A"

# PLAINTIFF'S ANSWERS TO COURT'S INTERROGATORIES TO INDIVIDUAL PLAINTIFF(S)

1. **Residence address**

**ANSWER**: My permanent address is 769 East 56th Street, Jacksonville, FL 32208, however, I am currently working, doing an apprenticeship at, and dorming at: 408 White Street Daytona Beach, FL 32114.

2. **Name of current employer and place of employment.**

**ANSWER**: The Division of Blind Services, (DBS), 408 White Street Daytona Beach, FL 32114.

3. **Date(s) and time(s) that you visited the facility.**

**ANSWER**: I visited the Defendant's subject website on April 19, 2024, during the daytime, but I cannot recall the exact time.

4. **Purpose of your visit(s) and duration of your stay(s).**

**ANSWER**: On April 19, 2024, I specifically visited Defendant's website, https://www.havertys.com/, to purchase a rug. I was searching for furniture items and home decor. Specifically, intending find a new rug, I looked for "furniture store near me" to find a local store providing various home furnishings.

5. **Did anyone else accompany you? If so, who?**

**ANSWER**: No one accompanied me in visiting the subject website.

**6. Describe the nature of your disability.**

<u>ANSWER</u>: I am a visually-impaired and legally blind person. I cannot use my computer without the assistance of appropriate and available screen-reading software. I have an eye condition called retina blastoma, which caused me to lose vision in my right eye at the age of 2, and left eye at the age of 5, which is when I became fully blind.

**7. Specifically list each of the architectural barriers which you personally observed or experienced at this facility.**

<u>ANSWER</u>: There were no architectural barriers as this is an inaccessible website case and not an architectural barrier case. As to the services offered through the associated website, I encountered the following access and navigational barriers:

a) Heading hierarchy was not properly defined, and there were missing heading levels. As a result, quick navigation through headings on the website did not help me effectively find the content of interest and understand the logical structure of the home page;
b) More than one heading level 1 was used per page. Heading level 1 provides important indication of what the page is about and outlines its content. Using more than one is allowed by the HTML specification, but is not considered beneficial for screen reader users. I used keyboard shortcuts to navigate the home page but could not identify the main meaningful section due to repetitive <h1> heading levels;
c) I was unable to activate several interactive elements using "enter" or "spacebar" keys. The website did not provide helpful instructions on how to access the interactive element using arrow keys;
d) I encountered complex drop-down lists in the Navigation menu. They did not announce the total number of sub-menus and the number of links included in each of them. As a result, I did not have full information regarding the drop-down menu and was not informed about the variety of categories I might have selected;
e) The Carousel region from the website did not comply with necessary accessibility standards. Thus, I could not control the moving content on the home page;
f) I tried to follow the links from the website and received no prior warning that the links opened new windows. As a result, I unsuccessfully tried to use the "Back" function of the browser to go to the previous page and became disoriented;
g) Interactive elements from the website could not be focused with the Tab key. The website did not provide helpful instructions on how to access the interactive element using arrow keys. I did not know about the interactive element from the page;
h) Informative images were used as background images on the website, and did not have alternative text. I was unaware what non-text content element was missed;
i) Images on the website had inappropriate and unclear alternative text. I could not receive accurate information from the non-text element of content;
j) Several links had ambiguous texts that were unclear to me. Lack of detailed description of the link target and destination page made it difficult for me to perceive their purpose;
k) I encountered interactive elements that did not announce their state. I was not informed whether the element was activated and the desired feature was successfully selected;

l) The website did not preserve correct keyboard tabbing (reading) order. I perceived different versions of the web page, and its layout had incorrect sequence and order of interactive elements;
m) Interactive elements were not programmatically associated with their <label> elements. I did not understand the purpose of the interactive element on the page as its name was not announced;
n) I was unable to determine if the form fields were mandatory ("Required"). The lack of detailed instructions while filling in the form, prevented me from successful submission of personal information;
o) The alert messages displayed when I entered invalid data into the form field was not announced and I was not informed what field were incorrectly completed.
p) I encountered numerous accessibility issues that prevented me from proceeding to the checkout page and finalizing the purchase. Unfortunately, I was unable to complete my purchase due to the inaccessibility of the website.
q) Due to Defendant's failure to build the Website in a manner that is compatible with screen access programs, I was unable to understand and properly interact with the website and was thus denied the benefit of purchasing a rug from the website.
r) These access barriers on the website have deterred me from visiting Defendant's physical locations and enjoying them equal to sighted individuals because I was unable to find the location and hours of operation of Defendant's locations on its website and other important information, preventing me from visiting the locations to take advantage of the services that it provides to the public. I was, among other things, unable to: learn about store locations, hours of operation, and contact information, and unable to determine prices and other information from the website about product and service offerings and coupons.
s) I have been deprived of the opportunity to enjoy the facilities, goods and services of Defendant's brick and mortar locations, as a result of accessibility barriers on the subject website. I intend to frequent Defendant's physical location at 9735 Atlantic Blvd, Jacksonville, FL 32225 once the accessibility barriers are removed.

8. Did you take notes or make a contemporaneous record of these barriers? If so, please attach a copy to these Answers.

**ANSWER**: No, however, the audit I conducted on the website was recorded, and my attorney retained an expert, Robert D. Moody, who independently visited the website shortly after I visited it and who will be preparing a report confirming that the same access barriers that I encountered did in fact exist, as well as additional ones.

9. Please list any other Title III cases in which you have been a party in this District.

**ANSWER**: *Drummond v. Reeds Jewelers, Inc.*, 6:24-cv-01078-PGB-RMN and *Drummond v. Underwood Jewelers Corp.*, 6:24-cv-01129-CEM-EJK.

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746. I verify under penalty of perjury that the foregoing is true and correct.

DocuSigned by:

*Jonathan Drummond*

Jonathan Drummond

6/26/2024

4