UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:24-cv-1097-PGB-RMN

JONATHAN DRUMMOND,

    Plaintiff,

v.

HAVERTY FURNITURE COMPANIES, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, HAVERTY FURNITURE COMPANIES, INC. ("Haverty") answers each numbered paragraph of the Complaint [ECF No. 1] (the "Complaint") filed by Plaintiff, JONATHAN DRUMMOND, and unless specifically admitted herein, denies each and every allegation of the Complaint:

1. Paragraph 1 of the Complaint states only that Plaintiff asserts the claims in the Complaint against Defendant. Consequently, no response is required.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and thus, denies the allegations.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and thus, denies the allegations.

4. Defendant does not dispute that Plaintiff has requested the relief described in Paragraph 4 of the Complaint, but Defendant denies any violation of the ADA and denies that such relief is appropriate in this case.

5. Defendant admits that it operates the havertys.com website, but denies the remainder of the allegations in Paragraph 5 of the Complaint and denies any violation of the ADA related to its website.

6. Defendant admits that customers may purchase products and find information about strore locations and hours of operations on havertys.com, but denies any violation of the ADA related to its website.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and thus, denies the allegations.

8. Defendant does not dispute that Plaintiff has requested the relief described in Paragraph 8 of the Complaint, but Defendant denies any violation of the ADA and denies that such relief is appropriate in this case.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and thus, denies the allegations.

10. Denied.

## JURISDICTION AND VENUE

11. Paragraph 11 of the Complaint contains jurisdictional allegations to which no response is required. To the extent a response is required, Defendant does not dispute that the Court has federal question jurisdiction. Further, Defendant does not dispute that Plaintiff has requested the relief described in Paragraph 11 of the Complaint, but Defendant denies any violation of the ADA and denies that such relief is appropriate in this case.

12. Paragraph 12 of the Complaint contains jurisdictional allegations to which no response is required. To the extent a response is required, Defendant does not dispute that venue is proper in this Court, but denies any violation of the ADA or any other laws.

13. Paragraph 13 of the Complaint contains jurisdictional allegations to which no response is required. To the extent a response is required, Defendant does not dispute that the Court has personal jurisdiction, but Defendant denies any violation of the ADA and denies that such relief is appropriate in this case.

14. Defendant states that the United States Department of Justice Civil Rights Division's "Guidance on Web Accessibility and the ADA" speaks for itself.

15. Defendant does not dispute that this Court is empowered to issue a declaratory judgment, but denies any violation of the ADA or any other laws.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and thus, denies the allegations.

## THE PARTIES

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and thus, denies the allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and thus, denies the allegations.

19. Admitted.

20. Admitted.

21. Defendant objects to the allegations contained in Paragraph 21 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that its website is a place of public accommodation.

## STANDING

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and thus, denies the allegations.

23. Defendant admits that customers may purchase products and find information about store locations and hours of operations on havertys.com, but denies any violation of the ADA related to its website.

24. Denied.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and thus, denies the allegations.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and thus, denies the allegations.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and thus, denies the allegations.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and thus, denies the allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and thus, denies the allegations.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and thus, denies the allegations.

31. Defendant objects to the allegations contained in Paragraph 31 of the Complaint to the extent that they constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and thus, denies the allegations.

33. Defendant objects to the allegations contained in Paragraph 33 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

34. Defendant objects to the allegations contained in Paragraph 34 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and thus, denies the allegations.

## NATURE OF ACTION

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, but does not dispute that the Internet is widely used.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and thus, denies the allegations.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and thus, denies the allegations.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and thus, denies the allegations.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and thus, denies the allegations.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and thus, denies the allegations.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and thus, denies the allegations.

## STATEMENT OF FACTS

43. Defendant admits that it operates the havertys.com website, but denies the remainder of the allegations in Paragraph 43 of the Complaint and denies any violation of the ADA related to its website Admitted.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and thus, denies the allegations.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and thus, denies the allegations.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and thus, denies the allegations.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and thus, denies the allegations.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and thus, denies the allegations.

49. Defendant denies that any of the alleged "accessibility issues" exist on its website.

50. Defendant objects to the allegations contained in Paragraph 50 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and thus, denies the allegations.

52. Denied.

53. Denied.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and thus, denies the allegations.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and thus, denies the allegations.

56. Defendant denies that it engaged in any of the alleged "acts of intentional discrimination" listed in Paraph 56 of the Complaint.

57. Denied.

58. Defendant objects to the allegations contained in Paragraph 58 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that Plaintiff has recited a portion of the ADA.

59. Defendant objects to the allegations contained in Paragraph 59 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

60. Defendant objects to the allegations contained in Paragraph 60 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and thus, denies the allegations.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, and thus, denies the allegations.

## FIRST CAUSE OF ACTION VIOLATIONS OF THE ADA
## 42 U.S.C. § 12182 et seq.

63. Defendant repeats its responses to the allegations contained in paragraphs 1-62 as if fully set forth herein.

64. Defendant objects to the allegations contained in Paragraph 64 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that Plaintiff has summarized a portion of the ADA.

65. Defendant objects to the allegations contained in Paragraph 65 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

66. Defendant objects to the allegations contained in Paragraph 66 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that Plaintiff has summarized a portion of the ADA.

67. Defendant objects to the allegations contained in Paragraph 67 of the Complaint to the extent that they constitute legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that Plaintiff has summarized a portion of the ADA.

68. Defendant objects to the allegations contained in Paragraph 68 of the Complaint to the extent that they constitute legal conclusions to which no response

is required.  To the extent a response is required, Defendant does not dispute that Plaintiff has summarized a portion of the ADA.

69. Defendant objects to the allegations contained in Paragraph 69 of the Complaint to the extent that they constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

70. Defendant objects to the allegations contained in Paragraph 65 of the Complaint to the extent that they constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## SECOND CAUSE OF ACTION
### DECLARATORY RELIEF

71. Defendant repeats its responses to the allegations contained in paragraphs 1-62 as if fully set forth herein.

72. Defendant objects to the allegations contained in Paragraph 72 of the Complaint to the extent that they constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

73. Defendant objects to the allegations contained in Paragraph 73 of the Complaint to the extent that they constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

74. Defendant denies that Plaintiff is entitled to any relief sought following the WHEREFORE clause in its PRAYER FOR RELIEF.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. To the extent any barrier to accessibility existed, the subject facility provided legally sufficient alternative access to its facilities and benefits and was usable to Plaintiff.

2. Plaintiff cannot state a claim under the ADA because Plaintiff cannot establish that he was excluded from participation in the goods, services, facilities or accommodations offered by Haverty store locations because of his disability.

3. Plaintiff does not have standing to bring this case to the extent that he complains of any alleged barrier that does not affect the access available to him.

4. Plaintiff does not have standing to bring this case because Title III of the ADA does not expressly apply to websites.

5. Plaintiff does not have standing to bring this case because havertys.com is not a place of public accommodation.

6. Plaintiff does not have standing to bring this case because no regulations related to the ADA and websites have yet been enacted by the Department of Justice or any other agency responsible for such regulations.

7. There is no nexus between havertys.com and the Haverty store locations.

WHEREFORE, Defendant prays that judgment be entered in its favor, that Plaintiff takes nothing by this suit, and that it be awarded such other legal and equitable relief that the Court deems just and proper.

Dated: August 19, 2024

By: s/*Benjamin Tyler*
Christine F. Gay (FBN 0026009)

christine.gay@hklaw.com
Benjamin J. Tyler (FBN 1003552)
benjamin.tyler@hklaw.com
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (fax)

*Counsel for Defendant
Haverty Furniture Companies, Inc.*